IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID A. HAYES<br>5840 Cameron Run Terrace<br>Apartment 1623<br>Alexandria, VA  22303,<br><br>                                        Plaintiff,<br><br>                v.<br><br>UNITED STATES OF AMERICA,<br>Serve:  Hon. Kenneth L. Wainstein<br>          United States Attorney for the<br>          District of Columbia<br>          Civil Division<br>          501 3rd Street<br>          Washington, DC  20530<br><br>                and<br><br>Hon. Alberto R. Gonzales<br>Attorney General of the United States<br>Department of Justice<br>950 Pennsylvania Ave., NW<br>Washington, DC  20530,<br><br>                                        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

COMPLAINT

This is an action seeking damages against the United States for negligence under the Federal Tort Claims Act, 28 U.S.C. § 1346.

I. JURISDICTION AND VENUE

1. This Court has jurisdiction under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-2680.

2. Plaintiff David A. Hayes was born on August 21, 1963 and is a citizen of the United States. He resides in Alexandria, Virginia.

3. Venue is proper under 28 U.S.C. § 1402(b) because acts giving rise to the claim occurred in the District of Columbia at the National Zoo.

4. Plaintiff presented this claim by filing a Standard Form 95 with the Smithsonian Institution on November 5, 2004. A copy of that form is attached as Exhibit A. The claim was denied by John E. Huerta, General Counsel to the Smithsonian Institution, on April 26, 2005. A copy of Mr. Huerta's denial letter is attached as Exhibit B.

## II. CLAIMS FOR RELIEF – FEDERAL TORT CLAIMS ACT

5. On December 25, 2003, Plaintiff rode his bicycle on a trip going out to the Capital Crescent Trail and returning via Rock Creek Park.

6. While on the Rock Creek Park trail, when Plaintiff reached the National Zoo, he approached a tunnel, where the paved trail curved around the tunnel.

7. Plaintiff followed the trail around the curve but there was a gate across the trail completely blocking the bicycle path.

8. There were no markings or warning signs that the trail was blocked, except a small sign on the gate itself stating that the gate was closed on Christmas and during inclement weather. This sign was essentially useless as a warning sign for bike riders, like Plaintiff, who were coming around the curve toward the gate.

9. In Plaintiff's effort to stop before crashing into the gate, he was hurtled over the front of his bicycle and fell to the ground, sustaining severe bodily injuries and other damages.

10. Defendant, as a land owner, owes a common law duty of reasonable care to all persons lawfully on its land, including Plaintiff.

11. The standard of care owed to all lawful users of real property is that of reasonable care under all of the circumstances and includes a duty to conduct reasonable supervision and inspection of the land to identify and take reasonable measures to guard against foreseeable dangers to those on the land.

12. Defendant was negligent in the following respects:

(a) Failure to inspect and maintain the property in a reasonable manner.

(b) Failure to post reasonable and adequate warning signs and other devices regarding the gate closing and its obstruction of the bicycle path.

(c) Failure to paint the gate or otherwise mark or alter the gate's appearance when closed, so as to adequately warn users of the bicycle path.

(d) Failure to include warnings on the bicycle path of the presence of the gate and its obstruction of the bicycle path, and

(e) Was otherwise negligent.

13. As a direct and proximate result of Defendant's negligence as set forth herein, Plaintiff was thrown to the ground from his bicycle causing him to sustain a complex fracture of his right wrist, bruises and scrapes on his face and hand, other bodily injuries and pain and suffering.

14. As a direct and proximate result of these injuries, Plaintiff has had to have pins, plates and screws installed in his right wrist and still suffers from a loss of function

and heightened sensitivity (strong tingling sensation attributable to a lack of circulation) in his wrist.

15. Additionally, and as a direct and proximate result of defendant's breach of duty to Plaintiff and the applicable standard of care, Plaintiff sustained injuries and damage to his general health, self-esteem and enjoyment of life.

16. As a direct and proximate result of Defendant's breach of duty to Plaintiff and the applicable standard of care, Plaintiff has incurred medical expenses exceeding $20,000.00.

17. As a direct and proximate result of Defendant's breach of duty to Plaintiff and the applicable standard of care, Plaintiff will incur future medical expenses.

18. Plaintiff believes and therefore alleges that his injuries are permanent.

WHEREFORE, Plaintiff respectfully prays for judgment from Defendant in the amount of $250,000.00, plus costs, and such other and further relief as the Court may deem just and proper.

Respectfully submitted,

JACKSON & CAMPBELL, P.C.

By: _____
Nicholas S. McConnell (#167742)
1120 – 20th Street, NW (South Tower)
Washington, DC 20036-3437
(202) 457-1600

Attorneys for Plaintiff
David A. Hayes