IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID A. HAYES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Defendant. ) | Civil Action No. 05-cv-01421 [PLF] |

### JOINT REPORT PURSUANT TO LCvR 16.3

Plaintiff David A. Hayes and Defendant United States of America have conferred through counsel in accordance with LCvR 16.3 and jointly submit the following report pursuant to LCvR 16.3:

1. Whether Case Is Likely To Be Resolved By Dispositive Motion.

    Plaintiff deems it unlikely that the case will be resolved by dispositive motion. Defendant believes that a dispositive motion may be appropriate in this case and requests that it be permitted to file one thirty days after the close of discovery. Defendant proposes that oppositions and replies be filed in accordance with the rules of this Court.

2. Date for Joinder of Other Parties

    The parties agree that all appropriate parties are before the Court and further joinder is not necessary or anticipated.

3. Assignment to Magistrate Judge

    Plaintiff would agree to the assignment of this matter to a Magistrate Judge for all purposes, including trial. Defendant does not agree at this time.

4. Whether There Is A Realistic Possibility Of Settlement

Plaintiff is willing to explore early settlement with a view toward resolution of the claim. Defendant has no objection to early exploration of settlement but believes that some discovery will be necessary first.

5. Whether The Case Would Benefit From The Court's ADR Procedures

The parties recognize that this is not a claim presenting potential exposure to damages of a huge magnitude and that experienced counsel may be able to achieve a resolution short of formal mediation or other ADR mechanisms. The parties would reserve the use of formal ADR procedures for a circumstance where settlement was near but third-party help overcoming remaining obstacles would lead to successful resolution.

6. Whether The Case Can Be Resolved By Summary Judgment Or Motion To Dismiss

As noted in paragraph one, defendant believes that this case may be resolved by dispositive motion and proposes that a briefing schedule be established with dispositive motions due thirty days after the close of discovery, and oppositions and replies due in accordance with the rules of Court. Plaintiff deems it unlikely that this case will be resolved by dispositive motion.

7. Whether To Dispense With Rule 26(a)(1) Initial Disclosures

Plaintiff desires to dispense with Rule 26(a)(1) initial disclosures and obtain discovery through exchange of discovery requests and depositions as appropriate. However, defendant does not agree to waive the initial disclosures requirements of the rule.

8. Anticipated Timing and Extent of Discovery

The parties agree that the discovery period should commence at such time as the Court orders following the Initial Scheduling Conference. The parties agree that the duration of discovery should be 150 days from the date of its commencement and that service of written discovery requests be effected no later than 33 days prior to the close of discovery deadline.

9. Expert Witness Reports Pursuant to Rule 26(a)(2)

Plaintiff believes that the parties should dispense with the requirement for formal expert witness reports pursuant to Rule 26(a)(2) and to obtain expert witness discovery, in accordance with the proposed scheduling order submitted herewith, through exchange of interrogatories and expert witness depositions. Defendant believes that the requirements of Rule 26(a)(2) should not be dispensed with. The parties agree that plaintiff's identification of experts should occur 60 days following the commencement of discovery, that defendant's identification of experts should occur 90 days following the commencement of discovery and that all discovery be closed 60 days thereafter.

10. Class Action Procedures

This is not a class action.

11. Bifurcation

The parties do not believe this case to be suited to bifurcation.

12. Pretrial Conference and Trial Date

The parties propose that a pretrial conference date be set for the period within the 30 days following the close of discovery and that a firm trial date be set at the first scheduling conference.

Respectfully submitted,

| JACKSON & CAMPBELL, P.C. | U.S. ATTORNEY'S OFFICE |

By: /s/ _____
Nicholas S. McConnell [167742]
1120 – 20th Street, NW
South Tower
Washington, DC 20036-3437
(202) 457-1600

Attorneys for Plaintiff

KENNETH L. WAINSTEIN [451058]
United States Attorney

R. CRAIG LAWRENCE [171538]
Assistant United States Attorney

/s/ _____
CLAIRE WHITAKER [354530]
Assistant United States Attorney
U.S. Attorney's Office
555 4th Street, NW – Civil Division
Washington, DC 20530
(202) 514-7137

OF COUNSEL:
Christine Nicholson
Associate General Counsel
Smithsonian Institution
Washington, DC

Attorneys for Defendant

296541v1