UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| David A. Hayes, | ) |
|     Plaintiff, | ) |
| v. | )    C.A No. 05-01421 (PLF) |
| United States of America, | ) |
|     Defendant. | ) |

AMENDED ANSWER

Defendant United States of America, by and through its undersigned counsel, hereby answers the complaint in this case.

First Defense

The complaint fails to state a claim upon which relief can be granted.

Second Defense

Defendant did not breach any duty of care owed to plaintiff.

Third Defense

Any injuries sustained by plaintiff were not proximately caused by any breach of duty of care by defendant.

Fourth Defense

Defendant and its agents, servants, and employees deny committing any negligence or wrongful act or omission, and deny proximately causing any injuries sustained by plaintiff.

Fifth Defense

Any injuries sustained by plaintiff were proximately caused by his own negligence.

### Sixth Defense

Plaintiff had knowledge of and voluntarily assumed the risks of the activities he was engaged in at the time he claims to have suffered injuries, and any injuries sustained by plaintiff were caused by and arose from such risks.

### Seventh Defense

Plaintiff had the last clear chance to prevent or avoid the accident in which he claims to have suffered injuries.

### Eighth Defense

The claims are barred to the extent that they are based on the exercise or performance or the failure to exercise or perform a discretionary function or duty. 28 U.S.C. § 2680(a).

### Ninth Defense

Answering the unnumbered and unnumbered allegations of the complaint, defendant states as follows:

Defendant admits the allegations in the unnumbered, introductory paragraph.

### JURISDICTION AND VENUE

1. Paragraph 1 sets forth plaintiff's allegations regarding jurisdiction, to which no response is required.

2. Upon information and belief, defendant admits the allegations of paragraph 2.

3. Paragraph 3 sets forth plaintiff's allegations regarding venue, to which no response is required.

4. Defendant admits the allegations of paragraph 4, except that plaintiff's Standard Form 95 was filed with the Smithsonian Institution's Office of General Counsel on November 17,

2004.

## II. CLAIMS FOR RELIEF - FEDERAL TORT CLAIMS ACT

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7, except that defendant admits that the gate to the Smithsonian Institution's National Zoological Park ("NZP")located along Beach Drive in Rock Creek Park was closed on Christmas Day, December 25, 2003.

8. Defendant denies the allegations of paragraph 8, except that defendant admits that a sign was posted prominently on the gate providing notice of the NZP's hours and notice that the NZP was closed on Christmas Day.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8.

10. Paragraph 10 states plaintiff's legal conclusion to which no response is required.

11. Paragraph 10 states plaintiff's legal conclusion to which no response is required.

12(a)-(e).  Defendant denies the allegations of paragraph 12(a) through (e).

13. Defendant denies the allegations of paragraph 13.

14. Defendant denies the allegations of paragraph 14.

15. Defendant denies the allegations of paragraph 15.

16. Defendant denies the allegations of paragraph 16.

17. Defendant denies the allegations of paragraph 17.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18.  However, defendant avers that any injuries that are alleged by plaintiff were as a result of his own negligence and not that of defendant.

The last, unnumbered paragraph of the complaint sets forth plaintiff's prayer for relief to which no response is required.
To the extent a response may be deemed necessary, defendant denies that plaintiff is entitled to the relief sought or to any relief whatsoever.

WHEREFORE, having fully answered, defendant asks the Court to enter judgment for Defendant, dismissing the Complaint with prejudice and awarding Defendant such other and further relief as the Court deems just, equitable, and proper.

Respectfully submitted,

/s/
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/
CLAIRE WHITAKER, D.C. BAR # 354530
Assistant United States Attorney
U.S. Attorney's Office
555 4th Street, N.W. - Civil Division
Washington, D.C. 20530
(202) 514-7137