IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JUL - 3 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

DAVID A. HAYES, )
)
Plaintiff, )
)
v. ) Civil Action No. 05-cv-01421
) Judge Paul L. Friedman
UNITED STATES OF AMERICA, )
)
Defendant. )

## REVISED STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677

It is hereby stipulated by and between the undersigned plaintiff and the United States of America, on behalf of the U.S. Department of Interior and the Smithsonian Institution, by and through their respective attorneys, as follows:

1. The parties do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Settlement Agreement.

2. The United States of America agrees to pay the sum of $55,000.00, which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof, resulting, and to result, from the subject matter of this settlement, including any claims for which plaintiff or his heirs, executor, administrator, or assigns, and each of them, now have or may hereafter

acquire against the United States of America, its agents, servants, and employees.

3. Plaintiff and his heirs, executor, administrator or assigns hereby agree to accept the sums set forth in this Stipulation of Compromise Settlement in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including claims for wrongful death, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof which they may have or hereafter acquire against the United States of America, its agents, servants and employees on account of the same subject matter that gave rise to the above-captioned action, including any future claim or lawsuit of any kind or type whatsoever, whether known or unknown, and whether for compensatory or exemplary damages. Plaintiff, and all who can claim by or through him, as a result of this incident that gave rise to the aforementioned law suit, including his heirs, executor, administrator or assigns further agree to reimburse, indemnify and hold harmless the United States of America, its agents, servants, and employees from and against any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims by plaintiff or his heirs, executors, administrators or assigns against any third party or against the United States.

4. This stipulation for compromise settlement is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agents, servants, or employees, and it is specifically denied that they are liable to the plaintiff.

This settlement is entered into by all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

5. It is also agreed, by and among the parties, that the respective parties will each bear their own costs, fees, and expenses and that any attorney's fees owed by the plaintiff will be paid out of the settlement amount and not in addition thereto.

6. It is also understood by and among the parties that pursuant to Title 28, United States Code, Section 2678, attorney's fees for services rendered in connection with this action shall not exceed 25 per centum of the amount of the compromise settlement.

7. The persons signing this Settlement Agreement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement.

8. Payment of the settlement amount will be made by government wire transfer to the escrow account of Plaintiff's attorney, Nicholas S. McConnell.

9. The parties agree that this Stipulation for Compromise Settlement and Release, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and the plaintiff expressly consents to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

10. This case is dismissed with prejudice, except that the Court shall retain jurisdiction to resolve a claim of noncompliance with the terms of this stipulation.

Respectfully submitted,

/s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. Bar # 498610

/s/ Rudolph Contreras
RUDOLPH CONTRERAS, Bar # 434122
Assistant United States Attorney

/s/ Claire Whitaker
CLAIRE WHITAKER, D.C. Bar # 354530
Assistant United States Attorney United States
Attorneys Office Civil Division
555 4th Street, N.W., Room E-4204
Washington, D.C. 20530 (202) 514-7137

Counsel for Defendant

David A. Hayes, Plaintiff

/s/ Nicholas S. McConnell
Nicholas S. McConnell D.C. Bar #167742
1120 – 20th Street, NW (South Tower)
Washington, DC 20036-3437
(202) 457-1600

Counsel for Plaintiff David A. Hayes

SO ORDERED on this 3rd day of July, 2008.

UNITED STATES DISTRICT JUDGE

- 4 -